THOMAS BAUMANN
v.
DETECTIVE LEE SHELTON, DETECTIVE BRENDA GANN & THE CITY OF BATON ROUGE
No. 2007 CA 1155.
Court of Appeals of Louisiana, First Circuit.
June 6, 2008.
MICHAEL A. FISER, JILL L. CRAFT, Baton Rouge, Louisiana, Counsel for Plaintiff/Appellant Thomas Baumann.
ARLENE C. EDWARDS, JAMES L. HILBURN, Baton Rouge, Louisiana, Counsel for Defendants/Appellees Detective Lee Shelton, Detective Brenda Gann and the City of Baton Rouge.
Before: GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
In this suit for damages, plaintiff, Mr. Thomas Baumann, alleged that the disclosure of his name violated a confidentiality agreement with defendants, the City of Baton Rouge and Detectives Lee Shelton and Brenda Gann, both of whom were Baton Rouge Police Officers, and caused him to suffer intentional infliction of emotional distress and other damages. Based on a jury verdict finding that the defendants had not negligently or intentionally breached the duty owed to Mr. Baumann, judgment was rendered dismissing plaintiffs suit. We affirm.

FACTS AND PROCEDURAL BACKGROUND
At trial, Mr. Baumann testified that one of the police officers, Detective Lee Shelton, knew Mr. Baumann was a confidential informant, and that he agreed to help the police if his connection was kept confidential and not disclosed. Mr. Baumann asserted that he suffered damages when his name was disclosed to Maryland police officers in March of 2000. Defendants testified that Mr. Baumann was not promised confidential informant status in return for his help at the time in question.
To have found that the defendants had a duty not to disclose Mr. Bauman's name "to another police agency," but that said duty was not breached, the jury must have accepted the defendants' testimony and primary assertions of fact over that of the plaintiffs. From our review, the jury could have reasonably found that Mr. Baumann was not a recognized or registered "confidential informant," and that defendants did not offer unqualified anonymity or confidentiality, or guarantee that Mr. Baumann's name would not be divulged for any reason. Thus, the record sufficiently supports a finding that, at the time in question, Mr. Baumann did not occupy the status of a true "confidential informant," with all the attendant rights and protections granted by law, and only a qualified assurance was given. Detective Shelton specifically testified that Mr. Baumann was told the police would try "to keep [Baumann's] name out of [the police] reporting system," and would list him as "anonymous." However, "anything other than trying to do that, anything down the road[,] [Shelton] could not promise [Baumann] anything other than that." The jury could also have reasonably found that the name was released only upon a request by Maryland police officers in an attempt to obtain a related search warrant from a judge who, rightly or wrongly, would not issue the warrant without the name. Accepting the defendants' version of the facts, the jury could have reasonably concluded that a duty existed to list Mr. Baumann as anonymous in the "reporting system," and not to release Mr. Baumann's name without due consideration of the circumstances. In subsequently finding no breach of the duty, the jury must have determined that the release, under the circumstances here, was acceptable, and did not violate the assurances given to Mr. Baumann, as testified to by Detective Shelton.
On appeal, Mr. Baumann assigned error to (1) the trial court's jury instructions defining and further explaining the terms "informer's privilege" or "confidential informant;" (2) the use of the phrase, "to another police agency," in the jury interrogatory describing the nature of the duty at issue; and (3) the denial of his motion for a new trial.

JURY INSTRUCTIONS AND INTERROGATORIES
Louisiana Civil Code of Procedure article 1792 addresses jury charges and provides, in pertinent part, as follows:
A. At any time during the trial, the court may instruct the jury on the law applicable to any issue in the case.
B. After the trial of the case and the presentation of all the evidence and arguments, the court shall instruct the jurors on the law applicable to the cause submitted to them.
In a jury trial, the judge has a duty to charge the jury as to the applicable law, and the correlative right and responsibility to insure that the jury receives only the correct law. It is the judge's responsibility to reduce the possibility of jury confusion. To this end, the judge is not required to give the precise instruction submitted by either party, but must give instructions which properly reflect the law applicable in light of the facts of the particular case. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544 & 92-1545 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, 488, writ denied. 94-0906 (La. 6/17/94), 638 So.2d 1094.
A charge to the jury, even if it correctly states the law, must be based on evidence adduced in the case. A trial judge is not required to give a charge unless the facts support the giving of the charge. Id.
Adequate instructions are those instructions which fairly and reasonably point up the issues presented by the pleadings and evidence and which provide correct principles of law for the jury's application thereto. The adequacy of jury instructions must be determined in light of the jury instructions as a whole. Id.
An appellate court must exercise great restraint before overturning a jury verdict on the suggestion that the instructions were so erroneous as to be prejudicial. The standard of review required of this court in determining whether an erroneous jury instruction has been given requires a comparison of the degree of error with the jury instructions as a whole and the circumstances of the case. Belle Pass Terminal, Inc., 92-1544 & 92-1545, 634 So.2d at 488-89. The same general analysis is also used for challenged jury interrogatories. See Belle Pass Terminal, Inc., 92-1544 & 92-1545, 634 So.2d at 488 & 490.

ANALYSIS
After considering the challenged jury instructions in light of the applicable law, the instructions as a whole, and the facts and evidence adduced in the case, we cannot say that the instructions were inadequate, legally incorrect, prejudicial, or misleading. Specifically as to Mr. Baumann's claim that the trial court's definition of "confidential informant" was based on incomplete law or factually dissimilar cases, we note that our supreme court's definition of a "confidential informant," as one who reveals information provided his identity remains secret, continues to be valid and was relevant in the instant case. See Fryar v. Guste, 371 So.2d 742, 746 (La. 1979). To trigger any protections afforded to" confidential informants" by the jurisprudence, by informer's privilege, or by the Public Records Act, LSA-R.S. 44:1, et seq., one must first qualify as a "confidential informant" entitled to those protections. Based on this record, the attempt to qualify Mr. Baumann as a "confidential informant," entitled to all the protections afforded by law, was rejected by the jury. Instead, the jury must have decided the case based on the conditional terms of the verbal agreement, as testified to by Detective Shelton, between the defendants and Mr. Baumann. Inclusion in the jury charges of the entire Public Records Act would also not have changed a decision made based on that agreement.
The challenged jury interrogatory on the verdict form read as follows: " Do you find . . . that the defendants owed a duty to the plaintiff not to disclose his name to another police agency?" Initially, we note that the inclusion of the phrase," to another police agency," tracked the undisputed facts of the case. In addition, the jury did indeed find that a duty was owed. After considering these points, the jury interrogatories as a whole, the facts, and the applicable law, we cannot say that the use of the term "to another police agency," was factually incorrect, unduly prejudicial, or mislead the jury in a manner that interdicted or tainted the jury's analysis.
Finally, we find no error in the trial court's denial of Mr. Baumann's motion for new trial. On appeal, the underlying basis for claiming error in the denial was predicated on essentially the same arguments concerning the jury instructions and verdict form.

ANSWER TO APPEAL
Defendants answered the appeal asserting that the trial court improperly ordered the release of documents during discovery. The documents were from the Internal Affairs Division of the Baton Rouge Police Department and concerned an investigation conducted pursuant to a complaint filed by Mr. Baumann against the two police detectives named in this suit. Without the requisite citations to the record identifying the particular" internal affairs" documents being challenged and any objections lodged to their release, or citation to specific statutes as authority, defendants generally assert in their brief that such investigative reports should be granted an exception to the Public Records Act. See URCA, Rule 2-12.4 (arguments without suitable citations to the record may be disregarded); LSA-R.S. 44:1, et seq. (Public Records Act).
While we decline to extend such a blanket exception, and prefer a case by case analysis, we note that defendants, in their trial court opposition to Mr. Baumann's motion to compel release of the documents, cited LSA-R.S. 44:3, which provides certain exceptions to public disclosure. See generally Skamangas v. Stockton, 37,996, pp. 5-15 (La.App. 2 Cir. 3/5/04), 867 So.2d 1009, 1012-17, writs denied. XXXX-XXXX (La. 6/25/04), 876 So.2d 839 & XXXX-XXXX (La. 6/25/04), 876 So.2d 843 (overview of Public Records Act and certain exceptions). However, the trial court in this case, after conducting an in camera inspection and presumably considering the statutes cited by defendants, found that the documents it was releasing were relevant to the merits of the suit and that the information was not protected by privilege. In addition, the record reveals that most, if not all, of the substantive information contained in the released documents was previously admitted in responses to interrogatories during discovery or already made known to Mr. Baumann.
From our review of this particular record, in light of the non-specific challenge, the prior release of the essential information, the applicable law, and the fact that the plaintiffs suit against defendants was dismissed, we do not find sufficient prejudice or an alternative basis for reversal of the trial court's interlocutory ruling. Thus, we will not grant the relief requested in the defendants' answer.

CONCLUSION
For these reasons, we affirm the judgment. The costs of the appeal are assessed to plaintiff, Mr. Thomas Baumann.
AFFIRMED.